# United States Court of Appeals for the Federal Circuit

IN RE: INLINE PLASTICS CORP.,

*Petitioner,*

---

*On Petition for a Writ of Mandamus to the United States District Court for the District of Massachusetts in No. 4:18-cv-11631-TSH, Honorable Timothy S. Hillman, Judge*

## PETITION FOR WRIT OF MANDAMUS

WYLEY S. PROCTOR
ERIK PAUL BELT
MCCARTER & ENGLISH, LLP
265 Franklin Street
Boston, Massachusetts 02110
(617) 449-6500
ebelt@mccarter.com
wproctor@mccarter.com

DAVID SILVIA
JAMES M. BOLLINGER
MCCARTER & ENGLISH, LLP
One Canterbury Green
201 Broad Street
Stamford, Connecticut 06901
(203) 399-5900
dsilvia@mccarter.com
jbollinger@mccarter.com

*Counsel for Petitioner Inline Plastics Corp.*

OCTOBER 24, 2024



**FORM 9. Certificate of Interest**                                    **Form 9 (p. 1)**
                                                                       **March 2023**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 24-

**Short Case Caption** In re Inline Plastics Corp.

**Filing Party/Entity** Inline Plastics Corp.

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 10/24/2024                 Signature:  /s/ Erik Paul Belt

                                 Name:       Erik Paul Belt

FORM 9. Certificate of Interest

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Inline Plastics Corp. | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐    Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| McCarter & English, LLP | Wyley S. Proctor | Erik Paul Belt |
| David Silvia | James M. Bollinger | Alexander T. Hornat |
| Leah R. McCoy | Thomas F. Foley | Thomas R. Fulford |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑  Yes (file separate notice; see below)    ☐  No    ☐  N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable          ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...................................................................................................1

JURISDICTIONAL STATEMENT ........................................................................5

RELIEF SOUGHT..................................................................................................5

ISSUES PRESENTED.............................................................................................6

STATEMENT OF FACTS ......................................................................................6

      A.    The Jury Trial and the Subsequent Appeal Rendered Moot Four of the Five Asserted Patents and All but Four of the Originally Asserted Claims .......................................................................7

      B.    The District Court's Decisions on Remand Went Against This Court's Mandate.........................................................................8

I.    MANDAMUS IS WARRANTED TO CORRECT THE DISTRICT COURT AND CLARIFY THE SEVENTH AMENDMENT RIGHTS OF LITIGANTS TO JURY DETERMINATION OF STAND-ALONE DECLARATORY JUDGMENT CLAIMS OF INVALIDITY...................................................................................13

      A.    Legal Standard .......................................................................13

      B.    The Petition Addresses a Clear and Serious Error in Resolving a Constitutional Issue that Lacks Any Remedy Other than by Writ .......................................................................................17

      C.    The Petition Addresses a Legal Question Subject to Divided Authority that Will Benefit from Clarification by this Court...19

II.    THE DISTRICT COURT ABUSED ITS DISCRETION BY EXERCISING  SUBJECT MATTER JURISDICTION OVER VALIDITY CHALLENGES TO THE FOUR NON-INFRINGED PATENT DESPITE NO CASE AND CONTROVERSY .................20

i

III.    MANDAMUS IS WARRANTED TO CORRECT CLEAR ERROR AND ABUSE OF DISCRETION BY THE DISTRICT COURT IN FAILING TO FOLLOW MANDATE OF THIS COURT ON REMAND ............................................................................................23

CONCLUSION .............................................................................................26

ii

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abbott Labrotories v. Mathilda & Terence Kennedy Inst. of
    Rheumatology Tr.*,
    No. 11-CIV-2541 PAC, 2012 WL 3965148 (S.D.N.Y. Sept. 11,
    2012) ................................................................................................15, 16

*In re Andrx Pharms., Inc.*,
    399 F. App'x 582 (Fed. Cir. 2010) .....................................................19

*In re Apotex, Inc.*,
    49 F. App'x 902 (Fed. Cir. 2002) .........................................................2

*Barrett v. United States*,
    405 F.2d 502 (Ct. Cl. 1968) ...............................................................23

*Benitec Aus. v. Nucleonics*,
    495 F.3d 1340 (Fed. Cir. 2007) .......................................................2, 21

*Brigham & Women's Hosp., Inc. v. Perrigo Co.*,
    761 F. App'x 995 (Fed. Cir. 2019) .....................................................22

*In re Calmar*,
    854 F.2d 461 (Fed. Cir. 1988) .............................................................1

*Carnegie Institute v Fenix Diamonds*,
    No. 20-cv-200 (JSR), 2021 WL 3501092 (S.D.NY, Aug. 9, 2021)..................21

*Cheney v. U.S. Dist. Court for Dist. of Columbia*,
    542 U.S. 367 (2004).....................................................................12, 24

*Dep't of Navy v. Fed. Lab. Rels. Auth.*,
    835 F.2d 921 (1st Cir. 1987).............................................................25

*In re EMC Corp.*,
    677 F.3d 1351, 102 U.S.P.Q.2d 1539 (Fed. Cir. 2012).....................17

*Fox Group Inc. v Cree Inc.*,
    819 F.Supp.2d 520 (E.D. Va. 2011) ...................................................21

ME1 50717176v.3

*In re Impax Lab'ys,*
  171 F. App'x 839 (Fed. Cir. 2006) ..................................................20

*Inline Plastics Corp. v. Lacerta Group, LLC,*
  97 F.4th 889 (Fed. Cir. 2024) ..............................................*passim*

*Inline Plastics Corp. v. Lacerta Grp., Inc.,*
  560 F. Supp. 3d 424 (D. Mass. 2021)..........................................7, 11

*Kao Corp. v. Unilever U.S., Inc.,*
  No. CIV. A. 01-680-SLR, 2003 WL 1905635 (D. Del. Apr. 17,
  2003) .............................................................................16

*In re Lockwood,*
  50 F.3d 966 (Fed. Cir. 1995) ................................................*passim*

*Massachusetts v. E.P.A.,*
  549 U.S. 497 (2007)..............................................................20

*MedImmune v Genentech,*
  535 F. Supp.2d 1020 (C. D. Cal. 2008) ....................................16, 17

*In re Micron Tech., Inc.,*
  875 F.3d 1091 (Fed. Cir. 2017) ..........................................3, 19, 24

*In re Moorhead,*
  No. 2015-141, No. 15 (Fed. Cir. Aug. 7, 2015) ...............................19

*In re Nwogu,*
  570 F. App'x 919 (Fed. Cir. 2014) .........................................24, 25

*Ortho Diagnostic Sys. Inc. v. Miles Inc.,*
  865 F. Supp. 1073 (S.D.N.Y. 1994) ...........................................23

*Pacira Pharms., Inc. v. Rsch. Dev. Found.,*
  No. 221-CV-02241, 2024 WL 1744623 (D. Nev. Apr. 23, 2024) ...........16

*In re Princo Corp.,*
  478 F.3d 1345 (Fed. Cir. 2007) ................................................5

*SanDisk Corp. v. STMicroelectronics, Inc.,*
  480 F.3d 1372 (Fed. Cir. 2007) ...............................................20

iv

*Shubin v. United States Dist. Court*
   313 F.2d 250 (9th Cir.) ....................................................................... 14

*SSI Techs., LLC v. Dongguan Zhengyang Elec. Mech. LTD.*,
   59 F.4th 1328 (Fed. Cir. 2023) ........................................................... 22

*In re Tech. Licensing Corp.*,
   423 F.3d 1286 (Fed. Cir. 2005) ................................................*passim*

*Tegal Corp. v. Tokyo Electron Am., Inc.*,
   257 F.3d 1331 (Fed. Cir. 2001) .................................................. 14, 15

*Teva Pharm. USA, Inc. v. Pfizer, Inc.*,
   395 F.3d 1324 (Fed. Cir. 2005) ........................................................... 22

*Tull v. United States*,
   481 U.S. 412 (1987) ............................................................................ 14

*In re United States*,
   678 F. App'x 981 (Fed. Cir. 2017) ............................................. 12, 15

*In re Volkswagen*,
   28 F.4th 1203 (Fed Cir. 2011) ............................................................. 3

**Statutes**

28 U.S.C. §1295 .................................................................................... 5

28 U.S.C. §1651 .................................................................................... 5

ME1 50717176v.3

## INTRODUCTION

A writ of mandamus is available in limited circumstances to correct a judicial usurpation of power or clear abuse of discretion by a district court. *In re Calmar*, 854 F.2d 461, 464 (Fed. Cir. 1988). This petition raises and addresses these precise circumstances. Specifically, there are two errors here requiring this Court's intervention. First, the District Court ordered a jury trial—over objection of Plaintiff Inline Plastics Corp. ("Inline")—on the issue of patent invalidity for four Inline patents that are no longer in dispute because, on appeal from the first trial in this matter, this Court affirmed a jury verdict and judgment of non-infringement as to the 24 asserted claims of those patents, *Inline Plastics Corp. v. Lacerta Group, LLC*, 97 F.4th 889, 901, 903 (Fed. Cir. 2024), and, on remand, the District Court dismissed with prejudice 21 additional claims of those four patents that were withdrawn at trial. Appx0189-191. Moreover, three of those patents have *expired*.

When, as in this case, there is no infringement allegation or related claim for damages, this Court has repeatedly ruled that a party, such as Defendant Lacerta Group, LLC ("Lacerta"), seeking a declaratory judgment of invalidity has no Seventh Amendment right to a jury trial. *See In re Tech. Licensing Corp.* ("*TLC*"), 423 F.3d 1286, 1290-91 (Fed. Cir. 2005) (denying a petition for writ of mandamus filed by a declaratory judgment plaintiff to compel a district court to grant its request for a jury trial on patent invalidity because the reciprocal infringement claim sought

1

only equitable relief rather than legal damages) (per curiam); *In re Apotex, Inc.*, 49 F. App'x 902, 903 (Fed. Cir. 2002) ("[b]ecause the nature of the underlying controversy is entirely equitable, there can be no right to a jury trial"). Notwithstanding this sound authority, the District Court has refused to strike Lacerta's jury demand on its declaratory judgment challenges to the four moot, non-infringed patents, three of which have recently expired.

Second, the refusal to strike Lacerta's jury demand compounds the District Court's threshold error of continuing to exercise subject matter jurisdiction over Lacerta's counterclaims seeking declaratory judgments of invalidity as to the four non-infringed patents despite the lack of any case or controversy. Appx0191-192. As prefaced above, this Court mooted the infringement dispute as to these four patents when it affirmed the related non-infringement judgment. *Inline Plastics*, 97 F.4th at 901, 903. This Court's affirmance of non-infringement as to the four patents ended any Article III case or controversy for this remand trial. *See Benitec Aus. v. Nucleonics,* 495 F.3d 1340, 1348-49 (Fed. Cir. 2007) (finding no case or controversy existed when past allegations of infringement were rendered moot and no immediate threat of claims of infringement existed).[1]

---

[1] To be clear, a jury trial on validity of Inline's fifth patent—the only patent being asserted on remand—is appropriate because the District Court granted summary judgment that Lacerta infringed four claims of that patent (Claims 1-3 and 6 of U.S. Patent No. 9,527,640), and Lacerta did not appeal that judgment. On remand, Inline

2

Lacerta's assertion in the District Court that authority supports its jury demand on the sole issue of invalidity for the four non-infringed patents is yet another basis for granting Inline's petition. Mandamus is particularly appropriate to resolve "certain basic, unsettled, recurring legal issues over which there is considerable litigation producing disparate results." *In re Micron Tech., Inc.*, 875 F.3d 1091, 1095 (Fed. Cir. 2017) (granting petition for mandamus to resolve disagreement as to whether the Supreme Court's *TC Heartland* opinion should be considered an intervening change in controlling law that would create an exception to the waiver rule of Fed. Cir. R. P. 12(h)(1)(a)).

In arguing that it deserved a jury trial on its declaratory judgment counterclaims for the four non-infringed patents, Lacerta relied entirely on this Court's vacated—and thus non-precedential—*Lockwood* decision.  Lacerta's reliance on *Lockwood*, however, conflicts with post-*Lockwood* cases repudiating its holding and highlights the confusion stemming from *Lockwood*—confusion that this petition offers an ideal vehicle to resolve once and for all.  *See In re Volkswagen,* 28 F.4th 1203, 1207 (Fed Cir. 2011) (granting mandamus to resolve a recurring issue

---

seeks damages for that infringement.  Because Inline is pressing a claim for damages as to this patent and this patent alone, the District Court has subject matter jurisdiction over Lacerta's reciprocal declaratory judgment counterclaim seeking to invalidate those four asserted claims of the '640 Patent.  The same cannot be said of the other four patents, none of which are infringed and thus none of which are any longer associated with a claim for damages.

disagreed on by district courts); *In re TLC*, 423 F.3d at 1290-91 ("if the patentee seeks only equitable relief, the accused infringer has no right to a jury trial, regardless of whether the accused infringer asserts invalidity as a defense … or as a separate claim…").

Finally, the District Court abused its discretion and violated this Court's mandate on remand by failing to properly allocate issues between judge and jury. *Inline v. Lacerta*, 97 F.4th at 900 (instructing that, on remand, the District Court "should assess the appropriateness of giving such instructions in the new trial…. and how particular issues **are properly allocated between judge and jury**" (emphasis added)).

The jury should be allowed to focus on the one patent that matters—the '640 Patent—without being distracted and confused by Lacerta's numerous invalidity arguments as to the other four, non-infringed patents.[2]  That Lacerta wants to overwhelm and confuse the jury is evidenced by its desire to pursue invalidity declaratory judgments of three *expired*, non-infringed patents and a fourth non-infringed patent that will expire within the year.  Lacerta discontinued the accused

---

[2] Lacerta's expert report on invalidity contained five separate invalidity arguments for the '640 Patent based on various obviousness combinations of six references. More importantly, the report also included an additional 18 invalidity arguments for the four patents found not to be infringed, which are based on various combinations of ten references, including another six prior art references not used in the invalidity arguments related to the '640 Patent.

4

products that were the subject of the first trial and has never articulated a valid reason for feeling threatened that Inline will assert the non-infringed (and expired) patents against Lacerta's current products. What purpose would be served by trying to a jury the validity of four non-infringed patents, three of which have expired? As such, granting mandamus here will prevent needless confusion and prejudice, as well as the huge waste of judicial resources devoted to moot patents.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction under the All Writs Act, 28 U.S.C. §1651. Because this petition seeks a writ of mandamus in a patent action arising under Title 35, this Court has "exclusive" jurisdiction under 28 U.S.C. §1295. *In re Princo Corp.*, 478 F.3d 1345, 1351 (Fed. Cir. 2007).

## RELIEF SOUGHT

Inline respectfully requests a writ of mandamus reversing (a) the District Court's order of October 11, 2024, denying Inline's motion to strike Lacerta's jury demand and (b) the District Court's order of September 19, 2024, exercising subject matter jurisdiction over four of Lacerta's five declaratory judgment counterclaims (Counts I-IV), which seek invalidation of Inline's four non-infringed, non-asserted patents (three of which have recently expired).

## ISSUES PRESENTED

1.  Whether a declaratory judgment claimant seeking a court order invalidating a patent has a Seventh Amendment right to a jury determination on validity when, as here, there is no actual or possible reciprocal claim for patent infringement damages.

2.  Whether there is Article III "case and controversy" subject matter jurisdiction regarding four patents that are not infringed (three of which have expired) and are no longer asserted against the defendant.

## STATEMENT OF FACTS

At the first trial of this matter in February 2022 in the United States District Court for the District of Massachusetts (Hon. Judge Hillman), the plaintiff, Inline, alleged infringement of five patents: U.S. Patent Nos. 7,118,003; 7,073,680; 9,630,756; 8,795,580; and 9,527,640. (The patents are attached at Appx0286-386). The first three patents (the '003, '680, and '756 Patents) are directed to tamper-resistant/tamper-evident plastic food containers. The '580 and '640 Patents are directed to methods for making these containers. Appx0004-6. At the time, Lacerta sold 80-odd models of containers, but Inline accused only 18 models of infringing the five patents. Appx0025. In response to Inline's allegations of infringement, Lacerta asserted counterclaims seeking declaratory judgment of patent invalidity against each of the five Inline patents. Appx0144-150. In or about late 2021, Lacerta, it claims, discontinued the 18 models of containers accused of infringement and

6

implemented new designs or designs resembling the container models that Inline never accused of infringement in the first place. Appx0154.

### A.    The Jury Trial and the Subsequent Appeal Rendered Moot Four of the Five Asserted Patents and All but Four of the Originally Asserted Claims

After fact and expert discovery were completed, the District Court held on summary judgment that the 18 accused container models were made by methods that infringed Claims 1, 2, 3, and 6 of the '640 Patent. *Inline Plastics Corp. v. Lacerta Grp., Inc.,* 560 F. Supp. 3d 424, 437 (D. Mass. 2021). Notably, when it came time for appeal, Lacerta did not appeal that judgment.

At trial, the jury found that Lacerta did not infringe the asserted claims of the remaining four Inline patents, plus one claim (Claim 5) of the '640 Patent (24 claims in total).[3] On appeal, this Court affirmed the verdict and ensuing judgment of non-infringement. *Inline v. Lacerta*, 97 F.4th at 893. This Court further vacated the jury verdict on invalidity and remanded the case for a new trial on invalidity and damages

---

[3] Inline originally asserted forty-nine claims across the five patents. *See Inline v Lacerta*, 97 F.4th at 895. But during trial, Inline voluntarily withdrew 21 of the 49 asserted claims, *id*. at n.2, which the District Court ordered would be dismissed without prejudice. *Id*. Lacerta appealed the decision and requested that the withdrawn claims be dismissed with prejudice. *Id*. at 902. This Court determined that the question of whether the dismissal should be with or without prejudice was best left to the District Court on remand, *id*. at 903, and the District Court, acting on this Court's mandate, dismissed the withdrawn claims with prejudice. Appx0189-191.

as to the four infringed claims of the '640 Patent. *Id*. ("We remand for a new trial on invalidity as to all Inline-asserted claims; damages (not yet adjudicated) also will have to be adjudicated for the claims already held infringed on summary judgment if newly held not invalid."). Therefore, there is no longer a claim for damages relating to the four patents found not to be infringed. Since the appeal, three of the four patents found not to be infringed (the '003, '680, and '580 Patents) have expired. The effect of this Court's affirmance of non-infringement, combined with the District Court's recent ruling that the twenty-one withdrawn claims of the non-infringed patents should be dismissed with prejudice, was to moot any infringement dispute between the parties with respect to the four patents.

**B.    The District Court's Decisions on Remand Went Against This Court's Mandate**

This Court's clear mandate to the District Court on remand was to have a new trial on invalidity with respect to Inline's remaining *asserted* claims. *Id*. at 893 ("We remand for a new trial on invalidity as to all Inline-asserted claims; damages (not yet adjudicated) also will have to be adjudicated for the claims already held infringed on summary judgment if newly held not invalid"). Because the practical effect of this Court's affirmance of the District Court's finding of non-infringement as to the 24 asserted claims in the '003, '680, '756, and '580 patents was to render these claims moot, Inline can no longer assert these claims against Lacerta on remand.

8

Accordingly, back in the District Court after the case was remanded, and before a new judge (the original judge having retired in the interim), Inline moved to dismiss Lacerta's declaratory judgment counterclaims from the case as lacking subject matter jurisdiction. Appx0155-157. In response to Inline's motion, Lacerta failed to articulate any reasonable, non-speculative basis that it could be subjected to future liability based on the four patents, let alone current liability.

By oral order at a hearing on September 19, 2024, the District Court denied Inline's motion. Appx0190-192. At that hearing, Inline's counsel sought to understand the basis for concluding there was a case or controversy and asked the District Court which claims would be the subject of the upcoming jury trial on validity:

> MR. BELT [Inline's counsel]: Right. And – and what claims then would be the claims that would be the subject of the invalidity determination?
>
> THE COURT: As far as my reading of the Federal Circuit ruling, every claim that was determined to be –the finding of invalidity based on a jury instruction by Judge Hillman are the claims that are still alive for the issue of invalidity.
>
> I – I can't hand pick. That was their ruling. They set aside that verdict on every claim based on that jury instruction.
>
> MR. BELT: Right. So – okay. Thank you. I have your answer, your Honor.

Appx0192.

9

The claims discussed in this colloquy were the 23 claims of the four non-infringed patents and Claim 5 of the '640 Patent (24 claims in total). Given that this Court affirmed non-infringement as to those claims, and given that the District Court dismissed with prejudice the previously withdrawn 21 patent claims, Appx0189-191, the District Court was, in effect, forcing Inline to defend the validity of 24 non-infringed claims of four no-longer-asserted patents, three of which have expired.

Inline then moved to strike Lacerta's jury demand on its counterclaims, Appx0194-195, and, at a hearing on October 11, 2024, the District Court denied Inline's motion to strike. Appx0246-248. Rather than follow this Court's mandate to allocate certain matters to be tried between the judge and jury, the District Court instead decided to lump all questions of invalidity together and let the jury decide, regardless of whether it is procedurally appropriate or even justifiable as of right. *See* Appx0246 ("[the Federal Circuit opinion] says, We are vacating aspects of the District Court's -- now that we are vacating aspects of the District Court's judgment in ordering a new trial on invalidity and damages as noted. That's what they say. They don't say -- and if that's what they include and they include, they use the words 'and,' then they're clearly indicating that there was not a limitation on whether it was a trial before a judge or a jury. So that's what my ruling is.").

The case is set for retrial on November 4 2024. The District Court has bifurcated the case and intends to start with a jury trial on the validity of all five

Inline patents—four of which do not have any possible infringement claim and three of which have now expired. Appx0238-239. A second phase of the jury trial will follow and will address damages from, and willful infringement of, the four infringed claims (Claims 1-3 and 6) of the '640 Patent.

Because the validity of the 24 previously-asserted but now non-infringed patent claims is meaningless, those claims will only act to confuse, or draw attention away from, the jurors' consideration of the four active claims—claims that, as the District Court noted when it granted summary judgment of infringement, involve different terminology, scope, and invalidity arguments. *Inline v. Lacerta*, 560 F. Supp. 3d at 436-37 (summary judgment order). Indeed, there is a high risk of jurors conflating the claims of the four non-infringed patents with the infringed claims of the '640 Patent, thus risking nullification of their obligation to independently apply the law governing validity individually to the only relevant claims before them. Therefore, the determination of validity with respect to the four non-infringed patents should be reviewed by the District Court during a bench trial, which is already calendared. [4]

---

[4] Concurrently with the jury validity trial, the District Court will hold a separate bench trial on Lacerta's affirmative defenses of inequitable conduct. That is, the jury trial will proceed each morning from 9:00 am to 1:00 pm, with a bench trial on non-jury issues proceeding each afternoon.

11

## REASONS THE WRIT SHOULD ISSUE

This petition directly implicates the driving purpose of mandamus—to correct a fundamental error by a district court that would otherwise create a manifest injustice to the petitioner. *See In re United States*, 678 F. App'x 981, 987 (Fed. Cir. 2017) (stating that a party may petition for a writ of mandamus "'when a disclosure order amount[s] to a judicial usurpation of power or a clear abuse of discretion, or otherwise works a manifest injustice'") (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 113 n.4 (2009)).  The District Court's decision to bury a jury in the validity phase of the trial with four additional non-infringed patents comprising 24 additional claims that implicate distinct limitations and potentially 18 additional invalidity defenses risks serious jury confusion on complex issues that will distort the outcome of this case.

This Court decides whether to issue a writ by applying the Supreme Court's three requirements for the writ: (1) there are "no other adequate means to attain the relief [it] desires," (2) the "right to issuance of the writ is clear and indisputable," and (3) "the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380-81 (2004) (internal quotation marks omitted).

Given the current status of the four non-infringed patents, the District Court's decision to exercise subject matter jurisdiction cannot be reconciled with this Court's

12

jurisdictional rulings or the appropriate bounds of the District Court's discretion regarding jurisdiction.

Once Inline's motion to dismiss was denied, the proper path was for the District Court to address the four moot patents, if at all, during the bench trial it has already scheduled for trying Lacerta's inequitable conduct defense with respect to all five patents. This procedure would prevent any diversion of the jury's attention by the essentially meaningless invalidity issues of the four patents, allowing the jury to consider the narrow issues properly before it (*i.e.*, damages, willful infringement, and validity of Claims 1-3 and 6 of the '640 Patent). The District Court's error in retaining jurisdiction over the four non-infringed patents was magnified by its decision to grant Lacerta a right to a jury determination of the strictly equitable declaratory judgement invalidity claims with no reciprocal claims for damages.

## I.    MANDAMUS IS WARRANTED TO CORRECT THE DISTRICT COURT AND CLARIFY THE SEVENTH AMENDMENT RIGHTS OF LITIGANTS TO JURY DETERMINATION OF STAND-ALONE DECLARATORY JUDGMENT CLAIMS OF INVALIDITY

### A.    Legal Standard

The Seventh Amendment provides the constitutional guarantee to a jury trial when a "controversy exceeds twenty dollars" and the dispute is recognized under "common law." U.S. Const. amend. VII. Because the remedy for a declaratory action is a court order that a patent is invalid and there is no intrinsic damages claim, it is by itself equitable in nature and not subject to Seventh Amendment rights.

13

*Shubin v. United States Dist. Court*, 313 F.2d 250, 252 (9th Cir.), *cert. denied,* 373 U.S. 936 (1963). Absent a pending infringement claim seeking damages, the reciprocal declaratory judgment counterclaim is resolved by the bench, not a jury. *In re TLC,* 423 F.3d at 1289.

This Court has ruled that a withdrawn damages claim forecloses the right to a jury on a reciprocal invalidity affirmative defense. *Tegal Corp. v. Tokyo Electron Am., Inc.*, 257 F.3d 1331, 1340-41 (Fed. Cir. 2001). The right to a jury trial for a declaratory judgment invalidity claim exists only if an infringement claim reciprocal to the invalidity claim has been raised and seeks money damages. *In re TLC,* 423 F.3d at 1290-91.

A source of legal tension however, stems from this Court's *Lockwood* decision. In *Lockwood*, this Court ruled that the *patentee* retained a constitutional jury right notwithstanding losing its infringement—and damages—claim by summary judgment. *See In re Lockwood*, 50 F.3d 966, 969, 972 (Fed. Cir. 1995), *vacated sub nom. Am. Airlines, Inc. v. Lockwood*, 515 U.S. 1182, (1995). *Lockwood*'s analysis of the declaratory judgment claim applied the historical assessment from *Tull v. United States*, 481 U.S. 412, 417-18 (1987) and applied a two-prong assessment:

> First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and

14

equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.…

Thus, if a particular action entails either the adjudication of legal rights, or, alternatively, the implementation of legal remedies, the district court must honor a jury demand to the extent that disputed issues of fact concerning those rights and remedies require a trial. (Citations omitted)

*Lockwood*, 50 F.3d at 972.

*Lockwood* was vacated without explanation by the Supreme Court and thus is no longer binding; however, this Court has, at times, followed some of *Lockwood's* reasoning, if not its ultimate holding. *See, e.g.*, *Tegal*, 257 F.3d at 1341 ("Although no longer binding, we find its reasoning pertinent"). In contrast, at other times, such as in *In re TLC*, this Court has followed a different approach. For example, in *In re TLC*, this Court first noted that "[r]elying on *Lockwood*, TLC argues that a patentee has a right to a jury trial in any declaratory judgment action to determine patent validity." 423 F.3d at 1289. But this Court then rejected that argument, holding that "*Lockwood's* historical analysis dictates that TLC's decision to seek only an injunction meant that it lost its right to a jury on the related invalidity claims." *Id*.

In any event, up until the *Inline* decision and in spite of *Lockwood*, most district courts have followed the rule that a declaratory judgment action to invalidate a patent with no reciprocal claim for infringement and damages comes with no right to a jury under the Seventh Amendment. *See, e.g., Abbott Labrotories v. Mathilda*

15

*& Terence Kennedy Inst. of Rheumatology Tr.*, No. 11-CIV-2541 PAC, 2012 WL 3965148, at \*2 (S.D.N.Y. Sept. 11, 2012); *Kao Corp. v. Unilever U.S., Inc.,* No. CIV. A. 01-680-SLR, 2003 WL 1905635, at \*3 (D. Del. Apr. 17, 2003); *Pacira Pharms., Inc. v. Rsch. Dev. Found.,* No. 221-CV-02241 (CDS/DJA), 2024 WL 1744623, at \*3 (D. Nev. Apr. 23, 2024); *MedImmune v Genentech*, 535 F. Supp.2d 1020, 1030 (C. D. Cal. 2008). [5]

The *MedImmune* court recognized the tension between *Lockwood* and its two-prong historical analysis and the subsequent decisions that focus on the remedy—whether damages or equitable relief.

> A modern claim for patent invalidity is not always analogous to a historical action in law, or in equity; rather the answer depends on whether the relief sought by the patentee is itself equitable or legal. Of course, this is precisely the inquiry of the second prong. *Thus, the two prongs of Lockwood's historical test effectively collapse into a single inquiry—the nature of the remedy sought by the patentee.*

*Id.*, 535 F. Supp. 2d at 1029 (emphasis added).[6] The *MedImmune* ruling—as in the present case—had no possible countering infringement claim. *Id*. Without any right to a damage remedy, there was no right to a jury on the declaratory judgment claims.

---

[5] Moreover, each patent and each claim of that patent stands alone and is considered individually in determining any right to a jury. For a case with multiple counts, when a patent owner seeks no damages for a particular patent, there is no right to a jury for that patent. *Abbott*, 2012 WL 3965148 at \*2.

[6] This *MedImmune* decision came after remand back to the district court from the Supreme Court.

16

Addressing *Lockwood*, the court found that "[a]fter examining the manner in which the *Lockwood* doctrine has been applied to two situations in which there was no present claim for infringement damages, the Court is persuaded that no right to jury trial exists in the absence of such a damages claim." *Id.*[7]

As demonstrated by the District Court here, district courts still struggle with *Lockwood* and the proper application of the Seventh Amendment right to trial by jury when there is no reciprocal damage claim.

**B.    The Petition Addresses a Clear and Serious Error in Resolving a Constitutional Issue that Lacks Any Remedy Other than by Writ**

A petition that raises an issue not readily addressed on appeal is particularly appropriate for resolution by writ. *See In re EMC Corp.*, 677 F.3d 1351, 1354-55, 102 U.S.P.Q.2d 1539 (Fed. Cir. 2012) (granting mandamus because there was "no other means" to effectively receive the remedy requested by petitioners). Inline properly raised its motion to strike Lacerta's jury demand within days of the District Court's refusal to dismiss for lack of subject matter jurisdiction Lacerta's invalidity counterclaims regarding the four mooted patents.

---

[7] The *MedImmune* court construed *Lockwood* as limited to its facts. *Id.*, 535 F. Supp. 2d at 1030 ("While *Lockwood* did indeed find a right to jury trial on invalidity in a situation in which the defendant patentee could not assert a claim for damages, that holding cannot be extended beyond the facts of that case.").

17

Similar to its determination to leave the four patents in the case, the District Court has offered no detailed reasoning why Lacerta is entitled to a jury trial on the four patents when no reciprocal infringement claim does or can exist. The only reasoning that the District Court provided was that this Court's mandate from the first appeal directed the District Court to resolve the validity issues. Appx0245-247. Not only does the *Inline* mandate fail to establish such a requirement on remand (*see infra* Sec. III at 23-25), but this Court actually mandated that the District Court properly allocate the issues between judge and jury. *Inline v. Lacerta*, 97 F.4th at 900. Further, no prior authority exists on this point. Rather, this Court's governing legal framework forecloses advisory opinions, which the invalidity declarations as to the four non-infringed patents would be, and its post-*Lockwood* authority precludes a jury demand on a declaratory judgment counterclaim when there is no reciprocal claim for damages.

Further, the District Court's determination to mix the 24 non-infringed patent claims with the four infringed claims from the '640 Patent and to send this blend to the jury for resolution is both prejudicial and clear error. It is a demand of the jury that is excessive and, indeed, unnecessary. The 24 moot claims involve detailed claim construction rulings and 18 invalidity defenses that are not implicated by the four infringed claims of the '640 Patent. There is a serious risk that the jury, confronted with multiple claims presented in such diverse terminology, will engage

18

in a comparative review and ranking in deciding invalidity, in lieu of their legal obligation to apply the rules governing validity individually to each claim. Whether or not this is a tactic Lacerta plans to employ, it is a risk that Inline should not be forced to bear.

### C.    The Petition Addresses a Legal Question Subject to Divided Authority that Will Benefit from Clarification by this Court

Mandamus is appropriate to resolve "basic, unsettled, recurring legal issues over which there is considerable litigation producing disparate results." *In re Micron*, 875 F.3d at 1095.

There have been numerous disputes since this Court's vacated *Lockwood* decision. While nearly all of the resulting court decisions limit *Lockwood*'s reach, *Lockwood* opened the door to multiple recurring petitions addressing the jury role in patent validity. *See, e.g., In re TLC.*, 423 F.3d at 1291 (denying mandamus petition seeking to vacate the district court's order striking jury demand for a declaratory judgment action of invalidity because the patentee withdrew its damages claims and sought only equitable relief); *In re Moorhead*, No. 2015-141, No. 15 (Fed. Cir. Aug. 7, 2015) (Order) (denying mandamus petition seeking to vacate final judgment and to reverse denial of jury trial, opting to follow rule that mandamus was generally denied after entry of final judgment so that issues could be raised on appeal); *In re Andrx Pharms., Inc.*, 399 F. App'x 582, 584 (Fed. Cir. 2010) (denying petition for

19

mandamus seeking to vacate orders granting patentee right to supplement complaint to include damages claims, further rejecting arguments that accused infringer's right to a jury trial was denied due to the supplementation of the complaint because no such jury right existed in the first place because "[t]he infringement and validity trial has already occurred, and Andrx is not entitled to a jury trial on issues already tried during the bench trial on the equitable claims"); *In re Impax Lab'ys*, 171 F. App'x 839, 840 (Fed. Cir. 2006) (denying mandamus petition to vacate order striking jury demand for declaratory judgment counterclaims because patentee withdrew damages contentions and thus the only requested relief was equitable in nature). The *Inline* petition provides a well-positioned vehicle to reconcile *Lockwood* with more recent cases and to clarify jury access under the Seventh Amendment.

## II.    The District Court Abused Its Discretion by exercising  Subject Matter Jurisdiction over Validity cHALLENGES TO THE FOUR NON-INFRINGED PATENT Despite NO CASE AND CONTROVERSY

Article III of the US Constitution limits subject matter jurisdiction to "cases and controversies" and forecloses advisory opinions absent a judiciable controversy. *See Massachusetts v. E.P.A.*, 549 U.S. 497, 516 (2007) (no justiciable case or controversy exists when parties merely ask for an advisory opinion). Jurisdiction under the Declaratory Judgment Act arises when "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *SandDisk Corp. v.*

20

*STMicroelectronics, Inc.*, 480 F.3d 1372, 1378 (Fed. Cir. 2007) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007)).

A party seeking declaratory judgment bears the burden of showing there is an actual controversy. *Benitec*, 495 F.3d at 1343. Subject matter jurisdiction must exist at all times during a dispute and is subject to challenge at any time. *Id*. at 1344-45; *see also Carnegie Institute v Fenix Diamonds*, No. 20-cv-200 (JSR), 2021 WL 3501092, at *3 (S.D.N.Y. Aug. 9, 2021) (finding no actual controversy, and thus no jurisdiction, over a declaratory counterclaim alleging invalidity because "Carnegie and M7D's covenant not to sue, in combination with the Court's finding of non-infringement in granting summary judgment in favor of Fenix, preclude[d] any liability apart from a hypothetical appeal and reversal of this Court's claim constructions"); *Fox Group Inc. v Cree Inc.*, 819 F.Supp.2d 520, 523 (E.D. Va. 2011) (finding that counterclaimant was not entitled to "pursue counterclaims that seek to invalidate the '026 patent and/or render it unenforceable" after the trial court found that counterclaimant was not "making, using, selling, and/or offering for sale silicon carbide substrates and products that use silicon carbide that practice the invention of the '026 patent") (internal citations omitted).

No controversy exists here. Any validity questions about Inline's four patents (*i.e*., other than the '640 Patent) have been rendered moot by this Court's affirmance of the jury verdict and resulting judgment of non-infringement. These claims are

21

therefore unenforceable against Lacerta, who is under no imminent threat of litigation for infringing these four patents, three of which have expired. Because there is no actual controversy over these claims, there is no longer any subject matter jurisdiction to justify the District Court's decision to keep this issue live for a jury to consider.

Even when jurisdiction exists, the trial court has substantial discretion to decline jurisdiction. *See Teva Pharm. USA, Inc. v. Pfizer, Inc.*, 395 F.3d 1324, 1331 (Fed. Cir. 2005) ("Even if there is an actual controversy, the district court is not required to exercise declaratory judgment jurisdiction, but has substantial discretion to decline that jurisdiction.") (citations omitted), *abrogated on other grounds*, 549 U.S. 118 (2007); *see also SSI Techs., LLC v. Dongguan Zhengyang Elec. Mech. LTD.*, 59 F.4th 1328, 1339 (Fed. Cir. 2023) (finding no abuse of discretion in district court's dismissal of declaratory judgment counterclaims of invalidity because "nothing in DZEM's complaint or any of the parties' briefing suggests that DZEM faces any risk of future prosecution under either of the patents-in-suit, so there is no need for the court to determine whether the patents are invalid") (internal quotation marks and citation omitted).

Moreover, this Court recognizes that there is rarely any reason to continue litigating the validity of expired patents. *Brigham & Women's Hosp., Inc. v. Perrigo Co.*, 761 F. App'x 995, 1002 n.1 (Fed. Cir. 2019) (noting that the public interest in

22

resolving questions of patent validity is "minimal" where a patent has expired).

Other courts have also found that trying the validity of expired patents would be a

waste of judicial resources. *See, e.g., Ortho Diagnostic Sys. Inc. v. Miles Inc.*, 865 F.

Supp. 1073, 1080–81 (S.D.N.Y. 1994), *dismissed*, 48 F.3d 1237 (Fed. Cir. 1995)

("Because both of the patents in suit have expired, the Court's decision to leave

undisturbed the jury's finding that neither patent has been infringed by defendant

makes it unnecessary to consider whether to set aside the jury's finding that both

patents are invalid"); *see also Barrett v. United States*, 405 F.2d 502, 510 (Ct. Cl.

1968) ("Defendant challenges the validity of the Jones patent, citing 41 prior art

references. Since there is no infringement, it is unnecessary to decide validity . . .

[T]here is no sound reason to do so in this case. The patent has expired").The District

Court abused its discretion by deciding to press on with Lacerta's invalidity

counterclaims despite three of the four patents having now expired. There is no

public benefit in continuing to litigate the invalidity issue for patents that are expired

or will soon expire.  Instead, the public interest will be severely burdened by the

waste of judicial resources needed to determine the issue by the jury.

## III.    MANDAMUS IS WARRANTED TO CORRECT CLEAR ERROR AND ABUSE OF DISCRETION BY THE DISTRICT COURT IN FAILING TO FOLLOW MANDATE OF THIS COURT ON REMAND

Traditionally, the writ has been used "to confine [the court to which the

requested mandamus would be directed] to a lawful exercise of its prescribed

jurisdiction." *Cheney*, 542 U.S. at 380 (citation omitted); *see also In re Micron*, 875 F.3d at 1095 (noting that "[m]andamus may be used in narrow circumstances where doing so is important to 'proper judicial administration'") (citing *La Buy v. Howes Leather Co.*, 352 U.S. 249, 259–60 (1957)).  Mandamus is also appropriate to correct the failure of a district court to implement the mandate issued by this Court in a remand trial.  *See In re Nwogu*, 570 F. App'x 919, 921 (Fed. Cir. 2014) (granting petition of mandamus vacating stay of enforcement of judgment on remand because it was determined that "the stay was an unlawful deviation from this court's mandate").

On appeal from the first trial, this Court vacated the resulting invalidity verdict, instructing the District Court as follows:

> the district court should assess the appropriateness of giving such instructions in the new trial, considering what issues have been properly preserved, what instructions are warranted given the evidence presented to the jury, ***and how particular issues are properly allocated between judge and jury***.

*Inline v. Lacerta*, 97 F. 4th at 900 (emphasis added).  Allocation of issues of patent validity between judge and jury in Lacerta's declaratory judgment counterclaims when no reciprocal damage claim exists for the four non-infringed patents should have been fundamental to implementing this Court's mandate and instructions for remand.  Moreover, this Court clearly instructed the District Court on remand that it

24

intended for it to conduct "a new trial on invalidity as to ***all Inline-asserted claims.***" *Id*. at 893 (emphasis added).

In lumping the non-jury issues with the jury issues here, the District Court has failed to follow this Court's mandate. First, the District Court erroneously allocated non-jury issues (the declaratory judgment counterclaims having no reciprocal infringement claims for damages) to the jury. Second, the District Court erroneously determined that no-longer asserted claims should be tried as well. In other words, because the new trial should focus on the *asserted* claims, and the non-infringed claims can no longer be asserted, there is no longer any reason to adjudicate them.

This Court and others have issued writs of mandamus whenever it was determined that an appellate court's mandate was not being followed on remand and a writ of mandamus was required to correct the resulting abuse of discretion. *See In re Nwogu*, 570 F. App'x at 921 (granting petition of mandamus vacating district court's stay of enforcement of judgment on remand because it was determined that "the stay was an unlawful deviation from this court's mandate"); *see also Dep't of Navy v. Fed. Lab. Rels. Auth.*, 835 F.2d 921, 923 (1st Cir. 1987) (issuing writ of mandamus to ensure compliance with earlier issued mandate because the appellate court "[knew] of no *adequate* means to correct the present misapplication or non-compliance with our mandate other than through the use of our mandamus power") (emphasis in original) (citations omitted).

25

Ironically, it appears that the District Court denied each of the Inline motions based on its belief it was following this Court's mandate on remand. The record is to the contrary.

## CONCLUSION

For all of the foregoing reasons, Inline respectfully requests that this Court grant its petition and direct the District Court to (a) dismiss Lacerta's four declaratory judgment counterclaims as to the four non-infringed patents for lack of a justiciable controversy or, failing that, to (b) strike the jury demand with respect to these four counterclaims.

Dated: October 24, 2024          */s/ Erik Paul Belt*
                                 Erik Paul Belt

26

**FORM 19. Certificate of Compliance with Type-Volume Limitations**

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

**Case Number:** <u>24-</u>

**Short Case Caption:** <u>In re Inline Plastics Corp.</u>

┌─────────────────────────────────────────────────────────────────┐
**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).
└─────────────────────────────────────────────────────────────────┘

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑     the filing has been prepared using a proportionally-spaced typeface and includes <u>6,241</u> words.

☐     the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐     the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: <u>10/24/2024</u>

Signature: <u>/s/ Erik Paul Belt</u>

Name: <u>Erik Paul Belt</u>

**FORM 30. Certificate of Service**

**Form 30**
**July 2020**

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## <u>CERTIFICATE OF SERVICE</u>

**Case Number** _24-_

**Short Case Caption** IN RE INLINE PLASTICS CORP.

> **NOTE:** Proof of service is only required when the rules specify that service must be accomplished outside the court's electronic filing system. See Fed. R. App. P. 25(d); Fed. Cir. R. 25(e). Attach additional pages as needed.

I certify that I served a copy of the foregoing filing on _10/24/2024_

by [✔] U.S. Mail [✔] Hand Delivery [ ] Email [ ] Facsimile
[ ] Other: _____

on the below individuals at the following locations.

| Person Served | Service Location (Address, Facsimile, Email) |
|---|---|
| Craig M. Scott, Hinckley, Allen & Snyder LLP, by U.S. Mail | 100 Westminster Street, Suite 1500<br>Providence, RI 02903<br>cscott@hinckleyallen.com |
| The Honorable Judge Margaret T. Guzman, Harold D. Donohue Federal Building and U.S. Courthouse, by Hand Delivery | 595 Main Street, Courtroom 2<br>Worcester, Massachusetts 01608 |
| | |
| | |
| | |

[ ] Additional pages attached.

Date: _10/24/2024_

Signature: _/s/ Erik Paul Belt_

Name: _Erik Paul Belt_